Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3739 | **DATE** | 6/15/12 |
| **CASE TITLE** | James Edward Williams (#2011-1014216) v. Sup't. Bratlen, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The court authorizes the trust fund officer at Plaintiff's place of confinement to make deductions from Plaintiff's account in accordance with this order. The clerk shall send a copy of this order to the trust fund account officer at the Cook County Jail. Summons shall not issue at this time. The complaint is dismissed without prejudice to Plaintiff submitting an amended complaint in accordance with this order, which he must do within 30 days of the date of this order. His failure to timely comply will result in summary dismissal of this case.

■ **[For further details see text below.]**  Docketing to mail notices.

## STATEMENT

Plaintiff James Edward Williams, currently in custody at Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He names Cook County Jail Superintendent Bratlen, Lieutenant Johnson, Sergeant Wiggins, and Sergeant Calvin as Defendants. According to Plaintiff, on February 7, 2012, his unit was placed on lockdown. While on lockdown, several inmates flooded their cells to protest against being locked down. Officers allegedly conducted no investigation as to who flooded their cells, but instead, issued disciplinary tickets, and charged $75.00 restitution fees against all 45 inmates in his unit for damaging state property. Plaintiff was placed in segregation for 32 days, where he was denied phone privileges, showers, and visitors. Plaintiff was not present at a disciplinary hearing, and he believes that Sergeant Calvin conducted a hearing while Plaintiff was away from the jail in court for his criminal case.

Plaintiff seeks to file his complaint *in forma pauperis* ("IFP"). The court finds that Plaintiff is unable to pre-pay the filing fee and grants his motion for leave to proceed *in forma pauperis* ("IFP"). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $23.00. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for this filing fee obligation, and the Cook County Jail inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.
**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|

      Although Plaintiff may proceed IFP, his complaint cannot proceed as currently drafted. Under 28 U.S.C. § 1915A, a court must conduct a preliminary review of all complaints filed by inmates and dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which this court can grant relief, or seeks money damages from a defendant immune from such relief.

      In this case, it is unclear what Plaintiff's claims are and how each Defendant was involved. Plaintiff's allegations described above indicate that he may be seeking to allege that he and 45 other pretrial detainees were wrongfully disciplined when only a few inmates flooded their cells and that Plaintiff was not present at the hearing which resulted in him receiving 32 days of segregation. However, how each named Defendant was involved is unclear. Plaintiff speculates that Sergeant Calvin may have held a disciplinary hearing without Plaintiff being present, but provides little information as to the other Defendants' actions or inactions. Under the notice pleading requirement of Fed. R. Civ. P. 8(a), Plaintiff must provide notice to each Defendant of what Plaintiff's claim is against him or her and the grounds upon which the claim is based. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (allegations may be too speculative or sketchy to state a § 1983 claim).

      Accordingly, the complaint is dismissed without prejudice to Plaintiff submitting an amended complaint. If Plaintiff files an amended complaint, he must clearly state what his claims are and how each Defendant was involved. He need not provide lengthy description of facts, but must provide enough to give each Defendant notice of the claims being alleged against him or her and the grounds upon which that claim is based. Plaintiff is advised that an amended complaint replaces a previously filed complaint in the same case and must stand complete on its own. The Court will refer only to the amended complaint, and not to prior complaints, to determine the claims and defendants in this case. Therefore, Plaintiff must state in the amended complaint the claims he seeks to raise and the defendants he seeks to sue in this case.

      Plaintiff must write both the case number and the judge's name on the amended complaint and return the originally filled out and signed form and a copy for the judge and a service copy for each named defendant to the Prisoner Correspondent. Plaintiff is advised to keep a copy for his files. Plaintiff may request additional copies of an amended complaint form if needed to provide the Court with a sufficient number of copies. Plaintiff is given 30 days from the date of this order to submit an amended complaint. Failure to comply with this order will result in dismissal of this case.