# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3739 | **DATE** | 7/31/2012 |
| **CASE TITLE** | James Edward Williams (#2011-1014216) v. Sup't. Bratlien, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff may proceed with his amended complaint [6] against Cook County Jail Superintendent Bratlien and Sergeant Calvin. The clerk shall issue summonses for service of the amended complaint on these Defendants. All other Defendants are dismissed. The clerk shall send Plaintiff a magistrate judge consent form and instructions for filing pleadings in this court.

■ [**For further details see text below.**]  Docketing to mail notices.

## STATEMENT

Plaintiff James Edward Williams, currently in custody at Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He has submitted an amended complaint in accordance with the Court's June 15, 2012, order. He names Cook County Jail Superintendent Bratlien and Sergeant Calvin as Defendants.

According to Plaintiff, after a few prisoners flooded their cells during a lockdown, Bratlien placed all 48 inmates on Plaintiff's tier (4B) on lockdown for 35 days, and instructed that all 48 inmates be charged with a disciplinary ticket and a $75.00 fine for destruction of property. Plaintiff never went to a disciplinary hearing, but instead was handed the results of the hearing, which found him guilty. Sergeant Calvin was present and apparently signed for Plaintiff. As a result, Plaintiff received a fine of $75.00 and 35 days in segregation, during which time he had loss of visitation, loss of phone privileges, and less or no access to showers. Such allegations state a colorable claim of due process violations with his disciplinary proceedings. *Miller v. Dobier*, 634 F.3d 412, 414-15 (7th Cir. 2011) (pretrial detainees are due such process as notice of a disciplinary charge, the ability to present evidence, and a decision that is based upon at least "some" evidence). Although there is a question whether the conditions of Plaintiff's segregation triggered due process concerns, his fine of $75 appears to be a loss of property for which the above-described process was due.

Accordingly, Plaintiff may proceed with his amended complaint against Superintendent Bratlien and Sergeant Calvin. The clerk shall issue summonses for these Defendants. Any other Defendant listed in Plaintiff's pleading is dismissed. Service forms necessary for Plaintiff to complete will be sent by the Marshal. Plaintiff's failure to return forms may result in the dismissal of his claims against the remaining Defendants. The Marshal is directed to make all reasonable efforts to serve the Defendants. If they are no longer employed at Cook County Jail, officials there shall furnish their last known addresses, which shall be used only to effectuate service, and which shall neither be kept in the court file, nor disclosed by the Marshal. The Marshal may mail requests for waiver of service to Defendants pursuant to Fed. R. Civ. P. 4(d)(2). If unable to obtain waivers, the Marshal shall attempt personal service.
**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|
| Plaintiff must file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a judge's copy, including exhibits, of every document filed. Copies of court filings must be sent to Defendants or their attorney, if one has entered an appearance. All court filings must include a certificate of service stating to whom copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court and/or returned to Plaintiff.<br><br>*George W. Lindberg* |