UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES WILLIAMS (#2011-1014216), | ) | |
| | ) | |
| Plaintiff, | ) | 12 C 3739 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| SCOTT BRATLIEN, Superintendent, and TONI CALVIN, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

### M<span>EMORANDUM</span> O<span>PINION AND</span> O<span>RDER</span>

James Williams, a pretrial detainee at Cook County Jail, brought this 42 U.S.C. § 1983 action against Superintendent Scott Bratlien and Sergeant Toni Calvin. Doc. 1. Williams asserts procedural due process violations arising from a jail disciplinary action; Defendants are alleged to have denied Williams an opportunity to appear at a disciplinary hearing, call witnesses, or present evidence before they found him "guilty" of flooding his jail cell, fined him $75, and placed him (and other inmates who allegedly flooded their cells, too) on lockdown for 35 days. Doc. 10. Williams also claims another Jail employee, Sergeant Wiggins, who is not a party to this suit, misled him to believe that the only way to contest the disciplinary action was to appeal, not file a grievance, and that he could appeal by handing her a piece of paper that she would then pass along to Defendants—which either she never did or was ineffective in preserving his rights.

Before the court is Defendants' motion for summary judgment. Doc. 56. Defendants contend that Williams failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act of 1996 ("PLRA"), *see* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative

1

remedies as are available are exhausted."), and that in any event he was not deprived of a constitutionally protected liberty or property interest in connection with the disciplinary proceedings. Doc. 58. Defendants also argue that Williams suffered no physical harm that would warrant compensatory damages. *Ibid*. Although Williams did not respond by the due date set by the court, Doc. 54, he later moved for and received an extension on the ground that he never received the summary judgment motion, Docs. 73, 75.

Williams' response does not include an opposition brief or a Local Rule 56.1(b)(3)(B) response to Defendants' Local Rule 56.1(a)(3) statement of uncontested facts; instead, he has moved under Rule 56(d) to deny Defendants' motion so that he can obtain additional evidence in discovery. Doc. 80; *see* Fed. R. Civ. P. 56(d) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."). Williams styled his motion as arising under Rule 56(f), Doc. 80 at 1, 4, but it is obvious that he meant Rule 56(d), which until 2010 was codified at subdivision (f), *see* 2010 Advisory Committee Notes to Rule 56 ("Subdivision (d) carries forward without substantial change the provisions of former subdivision (f)."). Williams says that "due to [his] current position as a pretrial detainee … [he] cannot obtain various pieces of evidence and or other facts that are essential" to adducing a disputed material issue of fact. Doc. 80 at 2. He identifies three specific items he would like to obtain in discovery: (1) a declaration from Sergeant Wiggins regarding whether she instructed "all 48 detainees to submit to her written appeals on notebook paper that she would in turn deliver to Supt. Bratlien"; (2) the tier logbook that Williams says would show that he was not present at his disciplinary hearing; and (3) the videotape of the flooded tier. *Id*. at 2-3.

Defendants maintain that the Rule 56(d) motion should be denied because Williams did not include an "affidavit or declaration" explaining the need for additional evidence, as the rule requires. Fed. R. Civ. P. 56(d); *see First Nat'l Bank & Trust Corp. v. Am. Eurocopter Corp.*, 378 F.3d 682, 694 (7th Cir. 2004) ("Because the Inlow Estate failed to submit a Rule 56(f) affidavit, claiming that it could not adequately oppose the motion for summary judgment by reason of incomplete discovery, it was not an abuse of discretion by the district court to rule on the motion for summary judgment before the Inlow Estate was satisfied that all necessary discovery had occurred."); *Woods v. City of Chicago*, 234 F.3d 979, 990 (7th Cir. 2000) ("While Woods did ask the district court to postpone its ruling until he could depose Flores and the officers, he did not file an affidavit outlining his reasons for needing further discovery as contemplated by Rule 56(f). This alone justifies affirmance of the district court's decision."). The court is unaware of any Seventh Circuit cases affirming the denial of an otherwise timely and meritorious Rule 56(d) motion on the basis of a technical failure to include an affidavit or declaration when the plaintiff, like Williams, is a pro se prisoner. A few cases from other circuits exist to that effect. *See*, *e.g.*, *Small v. Sec'y Pa. Dep't of Corr.*, 2014 WL 6466354, at *2 (3d Cir. Nov. 14, 2014) ("Small did not attempt to comply with Rule 56(d), but he did request more time for discovery, which the Magistrate Judge denied with good reason."); *McCluskey v. Vincent*, 505 F. App'x 199, 205 (3d Cir. 2012) ("McCluskey did not file an affidavit in support of his 'request' for more discovery, 'and therefore, as a procedural matter alone, [he] has failed to comply' with Rule 56(d)."); *Boling v. Romer*, 101 F.3d 1336, 1339 n.3 (10th Cir. 1996) ("In any event, plaintiff's argument is foreclosed by his failure to submit to the district court an affidavit, pursuant to Fed. R. Civ. P. 56(f), specifically indicating that he was unable to oppose the summary judgment motion without discovery."). But in none of those cases was the failure to include an affidavit the sole ground

3

for affirming the denial of the Rule 56(d) motion. Moreover, Williams submitted a short but clear four-page request outlining in precise detail the three pieces of evidence he would like to have and what he hopes they will reveal. Under these circumstances, and given that he is pro se and incarcerated, the court will overlook his failure to attach an affidavit or declaration. *See King v. Cooke*, 26 F.3d 720, 726 (7th Cir. 1994) ("Rule 56(f) is intended as a safeguard against a premature grant of summary judgment such as King complains of here; thus we should construe the rule liberally and not find violations on rigid technical grounds."); *In re PHC, Inc. S'holder Litig.*, 762 F.3d 138, 143 (1st Cir. 2014) ("Consistent with the salutary purposes underlying Rule 56(f), district courts should construe motions that invoke the rule generously, holding parties to the rule's spirit rather than its letter.") (footnote omitted).

Rule 56(d) motions nevertheless should be denied where "the evidence … sought is not relevant to [the plaintiff's] case." *Grayson v. O'Neill*, 308 F.3d 808, 816 (7th Cir. 2002); *see also Woods*, 234 F.3d at 990 ("[E]ven if we were to waive Rule 56(f)'s affidavit requirement in this case, … Woods offered virtually nothing to demonstrate why the depositions that he sought were likely to generate any genuine issue of material fact."). Defendants argue that the videotape of the flooded tier is irrelevant because even if it shows that the discipline was unjustified—that is, if it shows that Williams never flooded his cell—then his claim would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), which precludes a § 1983 plaintiff from bringing a claim that, if successful, "would necessarily imply the invalidity of his conviction or sentence," *id*. at 487. The Supreme Court in *Edwards v. Balisok*, 520 U.S. 641 (1997), extended *Heck* to cover prison disciplinary proceedings. *Id*. at 646, 648 ("The principal procedural defect complained of by respondent would, if established, necessarily imply the invalidity of the

4

deprivation of his good-time credits. … We conclude, therefore, that respondent's claim … is not cognizable under § 1983.").

Yet the disciplinary proceeding in *Edwards* resulted in the plaintiff's losing good-time credits, which (like the conviction in *Heck*) affects the fact or duration of custody and is therefore subject to collateral attack only through habeas corpus, not § 1983. *See id*. at 643-44; *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Montgomery v. Anderson*, 262 F.3d 641, 643 (7th Cir. 2001) ("If the state had deprived him of good-time credits already earned, then § 2254 would provide the exclusive avenue for seeking federal relief. A reduction in the rate of earning good-time credits should be treated identically. The stakes are the same: the length of incarceration. … Any decision that determines the fact or duration of state custody may (and usually must) be challenged under § 2254 rather than 42 U.S.C. § 1983.") (citations omitted). That point was crucial to *Heck*'s reasoning. *See Heck*, 512 U.S. at 486 ("We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution."). Accordingly, *Heck* held that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then it is not cognizable under § 1983. *Id*. at 487; *see also Edwards*, 520 U.S. at 645 (holding that "a claim challenging only the procedures employed in a disciplinary hearing … could be such as necessarily to imply the invalidity of the judgment" for the loss of good-time credits, and, if so, would be barred by *Heck*).

But Williams's procedural due process claims, if successful, would not "necessarily imply the invalidity" of his conviction or sentence or reduce his time in prison; instead, they

5

would invalidate only his $75 fine, and whether he recoups his $75 has nothing to do with the fact or duration of his custody. *See Montgomery v. Anderson*, 262 F.3d 641, 643-44 (7th Cir. 2001) (holding that only the alleged loss of good-time credits, and not other prison conditions claims, affects the fact or duration of custody). Accordingly, *Heck* and *Edwards* do not bar Williams's action—at least as it relates to his bid to recover his $75. *See Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000) (per curiam) (holding that challenges to "administrative orders revoking good-time credits or equivalent sentence-shortening devices … contest the fact or duration of custody," whereas a challenge to a "transfer to a new prison, administrative segregation, exclusion from prison programs, or suspension of privileges" does not). Williams almost certainly cannot recover for having been placed on lockdown, though for reasons independent of *Heck*. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995) (holding that being placed on lockdown does not deprive prisoners of a constitutionally protected liberty interest); *Montgomery*, 262 F.3d at 643-44 (same).

So the videotape, if it still exists, could be relevant to Williams's case, and Sergeant Wiggins's statements could be relevant to exhaustion. The Seventh Circuit has held that if a prisoner "properly followed procedure and prison officials were responsible for the mishandling of his grievance, it cannot be said that [he] failed to exhaust his remedies." *Dole v. Chandler*, 438 F.3d 804, 811 (7th Cir. 2006); *see also Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005) (holding that "prison officials' failure to respond to a prisoner's claim can render administrative remedies unavailable" under the PLRA). If Sergeant Wiggins told Williams that he should not file a grievance and should instead "appeal" his disciplinary proceeding by giving her piece of notepad paper with his reasons on it (which he says he did, Doc. 57-1 at 15, and never heard anything in response), then it is possible that administrative remedies were rendered

6

"unavailable," at least to him. Similarly, the tier logbooks are relevant to his central claim, that he was found guilty of flooding his cell in absentia and therefore without the opportunity to present evidence on his behalf.

Rule 56(d) motions also should be denied if "a party's own lack of diligence is to blame for that party's failure to secure discoverable information." *Grayson v. O'Neill*, 308 F.3d 808, 816 (7th Cir. 2002). Defendants argue that Williams had ample opportunity to seek those materials before fact discovery closed in June 2013; they assert that they produced over 500 pages of material in February and March 2013 (including portions of the tier logbooks), and that Williams made no additional requests at his April 2013 deposition. Doc. 81 at 2. It appears that Williams was preparing for his criminal trial when fact discovery closed, Docs. 47-48, which, given that he was both pro se and incarcerated at the time (and still is), could be a mitigating factor that would excuse his ostensible lack of diligence. Defendants do not address these concerns in their briefs, and so the court is hesitant to deny Williams's Rule 56(d) motion on this ground—especially "[c]onsidering the generous approach the district court should take in deciding a Rule 56[(d)] motion." *Convertino v. U.S. Dep't of Justice*, 684 F.3d 93, 102 (D.C. Cir. 2012) (internal quotation marks omitted); *see also King*, 26 F.3d at 726 ("we should construe the rule liberally"); *Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) ("Rule 56(d) motions for additional discovery are broadly favored and should be liberally granted because the rule is designed to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose.") (internal quotation marks omitted).

For these reasons, Williams's Rule 56(d) motion is granted, and Defendants' motion for summary judgment is denied without prejudice to their renewing it after providing Williams with the requested discovery materials.

March 6, 2015

_____
United States District Judge